```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DAVID LOCKE                                   CIVIL ACTION

VERSUS                                        NUMBER: 05-1422

ALVIN JONES, WARDEN                           SECTION: "I"(5)
```

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for writ of habeas corpus of petitioner, David Locke, and the State's response thereto. (Rec. docs. 1, 5). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Locke's petition be dismissed with prejudice.

**I. PROCEDURAL HISTORY**

Petitioner Locke is a state prisoner who is presently incarcerated at the River Bend Detention Center, Lake Providence, Louisiana. On February 5, 2002, pursuant to a plea agreement with the State, Locke pled guilty to three counts of molestation of a juvenile and one count of indecent behavior with a juvenile in the Twenty-Second Judicial District for the Parish of Washington, State of Louisiana, and was thereupon sentenced to a suspended fourteen-

year term of imprisonment and was placed on probation for a period of five years.[1]  Locke did not directly appeal his convictions or sentences.  His convictions thus became final on February 10, 2002 when the five-day appeal period prescribed by LSA-C.Cr.P. Art. 914(B)(1) expired.[2]  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)("conviction becomes final when the time for seeking further direct review in the state court expires.").  Over a year later, on August 11, 2003, a hearing was conducted, following which, Locke's probation was revoked and he was ordered to serve his original sentence of fourteen years imprisonment.[3]  Approximately three months later, in November, 2003, counsel filed, on behalf of Locke, a writ application with the Louisiana First Circuit Court of Appeal challenging the state district court's revocation of Locke's probation.  In support of said challenge, counsel raised the following arguments:  1) The trial court erred in failing to advise Locke with respect to the conditions of his probation; 2)the evidence was insufficient to prove that Locke

---

[1]Locke was sentenced to concurrently-running, seven-year sentences in connection with the three counts of molestation of a juvenile and to a seven-year sentence "to run consecutively to the other seven-year sentence" in connection with the one count of indecent behavior with a juvenile.  See St. ct. rec., vol. 1 of 2, guilty plea transcript at p. 16, lines 25-32 and p. 17, lines 1-4.

[2]In 2003, Article 914(B)(1) was amended and presently provides a thirty-day period within which one may timely appeal his conviction.

[3]A copy of the transcript of Locke's August 11, 2003 probation revocation hearing is contained in the St. ct. rec., vol. 2 of 2.

2

violated his parole and the alleged violations were insufficient to warrant revocation; and, 3) the trial court erred in permitting the State to "orally amend" its revocation pleadings and in denying defense counsel's request for a continuance of the revocation hearing.[4]  On March 22, 2004, the Louisiana First Circuit Court of Appeal denied the pertinent writ application, determining:  "The district court did not err in revoking relator's probation."  State of Louisiana ex rel. David W. Locke v. State of Louisiana, No. 2003 KW 2510 (La. App. 1 Cir. 2004) (unpublished opinion).[5]  Neither Locke nor his counsel sought review of the state appellate court's adverse decision from the Louisiana Supreme Court.

In October, 2003, approximately a month before the above writ application was filed, Locke filed, pro se, an application for post-conviction relief with the state district court.[6]  In his post-conviction application, Locke challenged the constitutionality of his February 5, 2002 guilty plea, claiming that it was not voluntarily and knowingly made.  On April 14, 2004, the state district court denied Locke's post-conviction application.[7]  In July, 2004, counsel filed, on Locke's behalf, a writ application to

---

[4]Copies of counsel's writ application are contained in the St. ct. rec., vols. 1 and 2 of 2.

[5]A copy of the Louisiana First Circuit's unpublished decision is contained in the St. ct. rec., vol. 2 of 2.

[6]A copy of Locke's post-conviction application is contained in the St. ct. rec., vol. 1 of 2.

[7]Copies of the state district court's decision are contained in the St. ct. rec., vols. 1 and 2 of 2.

3

the Louisiana First Circuit Court of Appeal arguing that Locke did not knowingly, voluntarily and intelligently enter into a plea agreement with the State.[8]  Later that same month, counsel filed, on Locke's behalf, a supplemental memorandum in which he raised the following arguments:  1) The trial court erred in revoking Locke's probation based upon the violation of probation conditions which were not explained to Locke at the time he entered into a plea agreement and was sentenced by the court; 2) evidence produced at August, 2003 hearing was insufficient to warrant the revocation of Locke's probation; 3) the trial court erred in allowing the State to orally amend its revocation pleadings and in denying defense counsel's request for a continuance in order to allow sufficient time to prepare a defense.[9]  On September 27, 2004, the Louisiana First Circuit Court of Appeal, in connection with Locke's post-conviction application, issued the following ruling:

> **WRIT NOT CONSIDERED**.  Relator failed to comply with Uniform Rules-Courts of Appeal, Rule 4-3, in that the request for a return date was filed more than thirty days after the trial court denied relator's application for postconviction relief.  To the extent relator, in the supplement, also attempts to seek review of the revocation of his probation, the request for a return date also was file untimely as to that ruling.  We further note that relator previously sought review of the revocation of his probation in 2003 KW 2510.

<u>State of Louisiana ex rel. David Locke v. Alvin Jones</u>, No. 2004 KW

---

[8]A copy of Locke's writ application to the state appellate court is contained in the St. ct. rec., vol. 2 of 2.

[9]A copy of Locke's supplemental memorandum is contained in the St. ct. rec., vol. 2 of 2.

1508 (La. App. 1 Cir. 2004) (unpublished opinion).[10]  In October, 2004, counsel filed, with the Louisiana Supreme Court, on behalf of Locke, a "Petition for Writ of Certiorari" claiming, in his sole assignment of error, that the state appellate court erred in dismissing his substantive claims based upon a procedural error rather than addressing said claims on the merits.[11]  On February 18, 2005, the Louisiana Supreme Court issued a one-word decision denying Locke's writ application.  State ex rel. Locke v. Jones, 896 So.2d 31 (La. 2005).

On April 4, 2005, counsel filed on behalf of Locke the instant application for federal habeas corpus relief wherein he raises the following claims:  1) Trial court erred in allowing the State to orally amend its revocation pleadings and in denying defense counsel's request for a continuance of the hearing; 2) trial court erred in revoking Locke's probation based upon the violation of probation conditions which were not explained to him at the time of his original sentencing, when he entered into a plea agreement with the State; 3) the evidence submitted at the August, 2003 hearing was constitutionally insufficient to warrant the revocation of Locke's probation; and, 4) Locke's guilty plea was not made knowingly and voluntarily.  In its response, the State contends that Locke "has not timely filed his habeas corpus application and

---

[10]A copy of the Louisiana First Circuit's unpublished opinion is contained in the St. ct. rec., vol. 2 of 2.

[11]A copy of the writ application to the Louisiana Supreme Court is contained in the St. ct. rec., vol. 2 of 2.

has not exhausted his State court remedies."[12]

## II. ANALYSIS

### A. Timeliness

The State's untimeliness claim is based upon the following reasoning. A "petitioner's habeas application must be submitted within one year from the date the conviction complained of became final".[13] "In the present case, petitioner's conviction became final on **February 5, 2002,** the day petitioner plead [sic] guilty [emphasis original] [footnote omitted]. Petitioner had one-year (or 365 days) from February 5, 2002 (or February 5, 2003) in which to file a habeas petition or a properly filed state application for post-conviction relief."[14] Because Locke filed neither before his February 5, 2003 deadline, his "application is untimely."[15] As shown below, the State's reasoning is not sound.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[16] a habeas petitioner is subject to a one year limitations period, but the running of this one year period does not necessarily commence to run on the date a petitioner's conviction becomes final. 28 U.S.C. §2244(d) provides as follows:

---

[12] See Rec., doc. 5, p. 5.

[13] See Rec., doc. 5, p. 7.

[14] See Rec., doc. 5, p. 8.

[15] See Rec., doc. 5, p. 8.

[16] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060 (1997).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In a situation such as this, where a petitioner is challenging the constitutionality of his probation or parole revocation, the date of the revocation hearing is generally considered to be the date on which the one-year prescriptive period commences to run as this is the date the petitioner, through the exercise of due diligence, could have discovered the factual predicate of his claims. See Yarbrough v. Dretke, 2006 WL 83484, *2 (S.D. Tex. 2006); Young v. Dretke, 2005 WL 2277596, *2 (S.D. Tex. 2005). Thus, with respect to Locke's claims challenging the constitutionality of his probation revocation, prescription commenced to run on August 11, 2003, Locke's probation revocation hearing date. Accordingly, Locke had a year from that date,

until August 11, 2004, to timely seek federal habeas corpus relief.

As noted above, Locke did not file the instant action until April 4, 2005, approximately eight months after his limitation period expired.  Thus, Locke's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As set forth above, in November, 2003, after three months of Locke's 12-month prescriptive period had expired, counsel filed on behalf of Locke a writ application with the Louisiana First Circuit Court of Appeal attacking the revocation of Locke's probation.[17]  At that point, prescription was interrupted.  The matter remained pending before the state appellate court until March 22, 2004, when the Louisiana First Circuit denied Locke's writ application. Locke did not seek relief from the Louisiana Supreme Court.  Accordingly, prescription once again commenced to

---

[17]While Locke filed, a month earlier, in October, 2003, a pro se post-conviction application, said application pertained to his February 5, 2002 guilty plea, rather than his August 11, 2003 probation revocation.  However, as reflected infra, regardless of whether prescription was interrupted in October or November of 2003, the instant petition is timely.

8

run thirty days later, on April 21, 2004, when Locke's time for timely seeking relief from the Louisiana Supreme Court expired. See Melancon v. Kaylo, 259 F.3d 401, 406 (5th Cir.2001) (writ application ceases to be "pending", for purposes of interrupting prescription, when application to the next level of state-court review is not timely made; see also Davis v. Cain, 2005 WL 2061179, *2-3 (E.D. La.2005) (Duplantier, J.).

Prescription ran from April, 2004 to July, 2004, when Locke's counsel filed with the Louisiana First Circuit Court of Appeal, in connection with Locke's state post-conviction proceeding, a supplemental memorandum attacking the constitutionality of the revocation of Locke's probation. The matter remained pending before the Louisiana First Circuit until September 27, 2004, when the state appellate court issued a ruling with respect to Locke's post-conviction application. Thereafter, Locke timely sought relief from the Louisiana Supreme Court and the matter was pending before the state high court until February 18, 2005, when relief was denied. Less than one month later, Locke filed the instant action.

Based upon the above, it is clear that less than seven months of Locke's 12-month prescriptive period expired before he sought federal habeas corpus relief. Accordingly, the instant matter is not time-barred.[18]

---

[18]While August 11, 2003 commenced the running of prescription in connection with Locke's claims challenging his probation revocation, said date does not represent the

**B.    Exhaustion**

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief.  28 U.S.C. §2254 (b)(1)-(3); <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S. Ct. 1198 (1982).  Generally, to exhaust, a petitioner "must fairly present the substance of his claims" to the state's highest court.  <u>Neville v. Dretke</u>, 423 F.3d 474, 478 (5th Cir. 2005) (citations omitted); <u>see</u> <u>also</u> <u>Dupuy v. Butler</u>, 837 F. 2d 699, 702 (5th Cir. 1988).  As the Supreme Court explained in <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971) (citations and quotations omitted):

> The exhaustion-of-state remedies doctrine ... reflects a policy of federal-state comity, ... an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights....  We have consistently adhered to this federal policy, for

---

commencement of the running of prescription in connection with Locke's claim challenging his February 5, 2002 guilty plea.  With respect to his claim that said guilty plea was not made knowingly and voluntarily, prescription commenced to run, under the provisions of §2244(d)(1)(A), on February 10, 2002, when the five-day period for appealing his February 5, 2002 guilty plea expired.  However, because Locke's other claims, i.e., those challenging his August 11, 2003 probation revocation, are timely, the challenge to his February 5, 2002 guilty plea is likewise considered timely.  <u>See</u> <u>Sheridan v. Cain</u>, Civil Action 03-1404 (E.D. La. Dec. 10, 2003) (Vance,J.) ("timeliness of two of petitioner's claims renders timely his entire habeas application") (<u>citing</u> <u>Walker v. Crosby</u>, 341 F.3d 1240, 1244-45 (11th Cir. 2003); <u>Sweger v. Chesney</u>, 294 F.2d 506, 514-15 (3d Cir. 2002); <u>Shuckra v. Armstrong</u>, 2003 WL 1562097, No. 3:01cv583, at *4 (D. Conn. 2003)); <u>but</u> <u>cf</u>. <u>Fielder v. Varner</u>, 379 F.3d 113, 117-122 (3d Cir. 2004) ("§2244(d)(1), like other statute of limitations provisions, must be applied on a claim-by-claim basis").

>it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

As noted earlier, three of the four claims raised in the instant habeas petition attack the constitutionality of the August, 2003 revocation of Locke's probation and the other claim challenges the constitutionality of his February, 2002 guilty plea. As the State points out in its response (rec. doc. 5, p. 7), Locke failed to present the substance of these four claims in his sole writ application to the Louisiana Supreme Court.[19] A review of the pertinent writ application reflects that the focus of Locke's attack is not the constitutionality of either his guilty plea or probation revocation, but rather, the appropriateness of the state appellate court's reliance on Rule 4-3 of the Uniform Rules of Appellate Procedure to find that his state post-conviction action was procedurally barred. Locke sets forth only a cursory listing of his substantive constitutional claims under his recitation of the underlying facts. As his sole "ASSIGNMENT OF ERROR", Locke provides:

---

[19]Locke also failed to raise the three claims regarding the alleged unconstitutionality of his probation revocation to the state trial court. His October, 2003 pro se post-conviction petition filed with the state district court concerned only an attack on his February, 2002 guilty plea. Counsel never filed, on Locke's behalf, a second memorandum with the state trial court, as counsel did with the state appellate court, supplementing Locke's post-conviction application to include the three claims related to his August, 2003 revocation proceeding. See Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (to satisfy the exhaustion requirement, prisoner must "'fairly present' his claim in each appropriate state court").

> The 30-day period in Rule 4-3 should not affect an appellate court's ability to exercise its supervisory jurisdiction where the applicant has filed writs within the time frame set by the district court, and the purpose for review addresses substantive constitutional claims not addressed on appeal.[20]

Because Locke has failed to exhaust his state court remedies, this court will not address the merits of Locke's claims. However, the above determination does not end the court's analysis. Related to the exhaustion requirement is the doctrine of procedural default, another separate but distinct limit on the availability and scope of federal habeas review. See Nobles v. Johnson, 127 F.3d 409, 420-23 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845 (1998). "A procedural default ... occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims would now find the claims procedurally barred.'" Id. at 420 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1 (1991)); Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

With limited exceptions not relevant here, Article 930.8 of the Louisiana Code of Criminal Procedure provides that no application for post-conviction shall be considered by the state courts if it is filed more than two years after the judgment of conviction and sentence of a defendant have become final. The

---

[20] See p. 6 of Locke's writ application to the Louisiana Supreme Court, a copy of which is contained in the St. ct. rec., vol. 2 of 2.

Fifth Circuit has determined that Article 930.8 constitutes an independent and adequate state rule that is regularly applied by the state courts.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

As noted above, the substance of all four claims which Locke sets forth in the instant federal habeas petition have never been presented to the state supreme court for its consideration and three of the four claims have never been presented to the pertinent state district court.  It would now be too late for Locke to properly present said claims to the appropriate state courts in light of Article 930.8.  Accordingly, federal habeas review of these claims is procedurally barred unless Locke can establish cause for his procedural default and actual prejudice as a result of the constitutional violations, or if he can demonstrate that the failure to entertain the claims will result in a fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

Locke cannot establish cause for failing to bring his claims to the attention of the appropriate state courts prior to the expiration of the time period set forth in Article 930.8.  No external impediment prevented him from doing so.  Without a showing of cause, the court need not consider the element of prejudice.  See Murray v. Carrier, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986).  Likewise, because Locke makes no colorable showing of actual innocence, he has not demonstrated that a fundamental miscarriage of justice will occur if his

13

claims are not considered.  Glover, 128 F.3d at 904.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of David Locke be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 12th day of July, 2006.

*[signature: Alma L. Chasez]*

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE